1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAS SUPPLY, INC., a Florida corporation,

                          Plaintiff,

        v.

RADIANT CUSTOMS SERVICES, INC., a
New York corporation, RADIANT
GLOBAL LOGISTICS, INC., a Washington
corporation,

                       Defendants.

NO.

**PLAINTIFF JAS SUPPLY, INC.'S
COMPLAINT FOR DAMAGES**

Plaintiff JAS SUPPLY, INC., by and through its attorneys, Gordon Rees Scully

Mansukhani, LLP, bring this Complaint against Defendants, RADIANT CUSTOMS

SERVICES, INC. and RADIANT GLOBAL LOGISTICS, INC., and alleges the following:

### I.    NATURE OF ACTION

    1.    Plaintiff JAS SUPPLY, INC. ("JAS Supply"), entered into a contract with

Defendants RADIANT GLOBAL LOGISTICS, INC. ("Radiant Global") and/or RADIANT

CUSTOMS SERVICES, INC. ("Radiant Customs") (collectively "Radiant") for Radiant to

provide customs broker services to JAS Supply for the import of 19 containers of alcohol wipes

COMPLAINT FOR DAMAGES - 1

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

for use as personal protective equipment in combatting the spread of COVID-19.  JAS Supply's

claims surround Radiant's handling of the final four containers of alcohol wipes, which were

detained by the Food and Drug Administration ("FDA") on September 24, 2020, as a result of

the acts and omissions of Radiant.  Radiant, which owed a fiduciary duty to JAS Supply,

provided the FDA with incorrect information, resulting in detention of the product, and not only

failed correct its error or timely appeal the FDA's action, it failed to even notify JAS Supply of

its errors and resulting issues which directly impacted JAS Supply for several months.

Ultimately, the FDA denied importation of the four containers of alcohol wipes, and required

JAS Supply to return the product to its original port of entry for destruction or exportation.

Radiant's actions and inactions have resulted in damages to JAS Supply in excess of $700,000.

## II.    PARTIES

2.    Plaintiff JAS Supply is a Florida corporation, organized and operating under the

laws of the State of Florida, with its principal place of business at 292 Alternate 19 North, Palm

Harbor, FL 34683.

3.    Defendant Radiant Customs is a New York corporation, organized and operating

under the laws of the State of New York, with its principal place of business at 182-09 149th

Road, Jamaica, NY 11413.

4.    Defendant Radiant Global is a Washington corporation, organized and operating

under the laws of the State of Washington, with its principal place of business at 405 114th

Avenue SE, Third Floor, Bellevue, WA 98004.

## III.    JURISDICTION AND VENUE

5.    This Court has jurisdiction over this Complaint pursuant to 28 U.S.C. § 1332(a)(1)

COMPLAINT FOR DAMAGES - 2

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

1  because complete diversity of citizenship exists among the PARTIES, and the amount in

2  controversy exceeds $75,000, exclusive of interest and costs, in damages.

3         6.      Venue is proper in this Court pursuant to 28 U.S.C. 1391(b)(3), because JAS

4  Supply and Radiant are subject to this Court's personal jurisdiction.  On or about May 15, 2020,

5  JAS Supply executed Radiant's Customs Power of Attorney / Designation of Forwarding Agent

6  ("POA") and Radiant's Terms & Conditions.  Section 22 of the Terms & Conditions relates to

7  governing law and consent to jurisdiction and venue, and states in relevant part that the terms

8  and conditions of service and the relationship between the parties shall be construed according

9  to the laws of the State of Washington.  Section 22(a) states the parties "irrevocably consent to

10  the jurisdiction of the United States District Court at King County, Washington …"

11  Accordingly, venue is proper in this Court.

## IV.   FACTS

12         7.      JAS Supply is a minority vendor established in 2001, specializing in the

13  distribution of food products into the correctional channel.  Over the past 20 years, JAS Supply

14  has utilized its vendor relationships to develop and employ operational efficiencies to its

15  customers through procurement, programming negotiations, storage, and inventory distribution

16  and equipment management.

17         8.      In early 2020, as the COVID-19 pandemic was quickly spreading across the

18  United States and the globe, JAS Supply determined it was essential to help provide badly

19  needed personal protective equipment to consumers and other entities in the United States.  JAS

20  Supply used its vendor relationships to design, manufacture, and import products from China.

21         9.      In order to import the subject alcohol wipe containers, JAS Supply required the

COMPLAINT FOR DAMAGES - 3

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

assistance of a customs broker familiar with the legal requirements of importation to the United States, including, but not limited to, following import guidelines, tariffs, security, and governmental regulatory requirements.

10.     Radiant holds itself out as an expert in importation services, stating on its website it "ensures that your cargo moves quickly and efficiently through [Customs and Border Patrol] & throughout the various customs clearance processes." Radiant's website goes on to state "Our specialty is the clearance of Time and Trade Sensitive Goods, and those of a perishable nature."

11.     JAS Supply connected with Radiant through a mutual business contact and, on May 15, 2020, received via email a four-page Power of Attorney ("POA") to complete and sign to get JAS Supply "setup to import." JAS Supply executed the POA the same day and returned it to the contact, who in turn supplied it to Radiant.

12.     On May 19, 2020, <u>after</u> the POA was signed and received, JAS Supply participated in a call with Radiant's International Operations Manager to discuss JAS Supply's import needs and the necessary documents, other than the POA, required by Radiant to deliver and clear customs. Following the meeting, Radiant provided JAS Supply a customer onboard packet containing a form cover letter with embedded links to the POA (already completed by JAS Supply), a CBP Form 5106, and a Known Importer Questionnaire. The cover letter stated the documents had to be completed prior to the arrival of the first shipment.

13.     JAS Supply provided all information and documentation requested by Radiant to import the alcohol wipe containers. No other contractual documents subsequent to the POA were presented by Radiant for signature or executed by JAS Supply.

14.     Radiant acted as JAS Supply's agent in a fiduciary capacity pursuant to Section 2

COMPLAINT FOR DAMAGES - 4

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

1    of the POA Terms & Conditions, which states:

> [Radiant] acts as the "agent" of [JAS Supply] for the purpose of performing duties in connection with importer security filing services, the entry and release of goods, post entry services, the securing of export licenses, the filing of export documentation on behalf of [JAS Supply] and other dealings with Government Agencies: as to all other services, [Radiant] acts as an independent contractor.

15.    Section 9 of the POA Terms & Conditions relates to attempted "Limitation of Liability" in favor of Radiant.  Subsection (f) purports to limit Radiant's liability for "damages attributable to circumstances of Force Majeure."  "Force Majeure" is defined to include, among other things, confiscation or seizure by any government or other public authority, and any other causes that are not reasonably within the control of Radiant "and that could not have been overcome by the exercise of ordinary diligence."

16.    Section 9(f) of the POA Terms & Conditions also states "Company shall notify [JAS Supply] with reasonable promptness of the existence of any such Force Majeure and the probable duration thereof, and shall provide [JAS Supply] from time to time with correct information concerning the same."

17.    The original entry documentation for the subject shipment of four containers of alcohol wipes had been uploaded to the FDA's Import Trade Auxiliary Communications System (ITACS) on September 1, 2020.  The entry in question was subsequently entered on September 23, 2020.

18.    The following day, on September 24, 2020, unbeknownst to JAS Supply, the four containers of alcohol wipes were detained by the FDA, purportedly because the product manufacturer did not register with the FDA or list the wipes as a drug, as required by Section 510(j) of the Food Drug & Cosmetics Act ("FD&C Act").

COMPLAINT FOR DAMAGES - 5

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

19.     This was not the first time Radiant had been informed of this same issue related to the same JAS Supply product.  Just weeks earlier, on September 4, 2020, another entry was detained because neither JAS Supply nor the product manufacturer had been registered with the FDA.  In response, Radiant notified JAS Supply of the issue, and JAS Supply provided Radiant with the requested documentation on September 8, 2020.  The same day, Radiant, in turn, provided the information to the FDA, and the FDA released the detained goods.

20.     On September 25, 2020, Radiant received a Notice of FDA Action – Hold Designated for the subject four containers of alcohol wipes.  In response, Radiant not only did not inform JAS Supply, but it failed to provide the requested documentation, instead electing to upload the same deficient documentation it originally provided on September 1, 2020.

21.     When the product was not released the same day, or the next, or in the weeks and months that followed, Radiant never informed JAS Supply of the issue, and never followed up with the FDA to confirm it received the required documentation.

22.     In fact, JAS Supply's first notice that anything was wrong with the subject shipment of four containers of alcohol wipes was more than three months later via a December 30, 2020, Notice of FDA Action – Refusal of Admission, requiring JAS Supply to return the products to New Orleans for exportation or destruction.

23.     While Radiant appealed the decision, months later by letter dated March 23, 2021, the FDA declined to rescind the refusal.   In its written decision, the FDA pointed out that per Section 801(a) of the FD&C, an importer has the right to introduce testimony in support of admissibility of the article, typically for a period of 10 days from the date of the Notice of FDA Action – Detained.  In this case, the relevant Notice was issued to Radiant on September 25,

COMPLAINT FOR DAMAGES - 6

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

2020, and the hearing period would have expired on October 15, 2020. However, entry of the subject shipment was not actually refused until December 29, 2020 – meaning Radiant had approximately 50 business days to provide testimony/evidence beyond the concluded statutory hearing period date.

24.    Despite weeks of additional time, and despite its knowledge of FDA practice to release detained products within hours of receiving requested information, Radiant failed to inform JAS Supply of the issue and failed to follow up with the FDA to confirm whether it had received the information necessary to release the subject shipment.

25.    As a result of Radiant's failures, JAS Supply was left with absolutely no recourse regarding the subject shipment of four containers of alcohol wipes. In lieu of destroying perfectly good alcohol wipes in the midst of a global pandemic, and in an effort to mitigate its damages, JAS Supply has been working toward exporting and donating the product. However, the FDA requires it be returned to New Orleans from its current location at the Dallas/Fort Worth Airport. Between the cost of the product itself, and transportation costs associated with shipping the product to Louisiana, JAS Supply has suffered damages well in excess of $700,000.

## V.    FIRST CAUSE OF ACTION – BREACH OF CONTRACT

26.    JAS Supply repeats, re-alleges, and incorporates all of the allegations set forth in paragraphs 1-25 as though fully set forth herein.

27.    On or about May 15, 2020, JAS Supply entered into a contractual agreement, the POA and Radiant's Terms & Conditions, with Radiant. The POA and Radiant's Terms & Conditions were supported by valuable consideration.

28.    JAS Supply fully performed its obligations under the POA and Radiant's Terms

COMPLAINT FOR DAMAGES - 7

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

& Conditions, save for any performance for which JAS Supply has been excused by the actions and/or inactions of Radiant.

29.    Radiant has materially breached the terms of the POA and Radiant's Terms & Conditions by:

a)    Failing to notify JAS Supply, with reasonable promptness or at all, of the September 25, 2020, Notice of FDA Action – Hold Designated of the subject four containers of alcohol wipes;

b)    Failing to provide JAS Supply, from time to time or at all, with correct information concerning the FDA detention of the subject four containers of alcohol wipes;

c)    Failing to exercise ordinary diligence to ensure it provided the FDA with the requested and necessary documentation and/or materials to release the detained subject four containers of alcohol wipes; and

d)    Failing to provide the FDA with the requested and necessary documentation and/or materials during the statutory hearing period, as provided in the FD&C Act and the September 25, 2020, Notice of FDA Action – Hold Designated of the subject four containers of alcohol wipes, or at any point thereafter.

30.    Radiant's material breach of the POA and Radiant's Terms & Conditions is not excused under the law or under the POA and Radiant's Terms & Conditions.

31.    As a direct result of Radiant's material breach of the POA and Radiant's Terms & Conditions, JAS Supply has suffered damages in an amount to be proven at trial, but in excess

COMPLAINT FOR DAMAGES - 8

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

1    of $75,000, the jurisdictional limit of the Court.

2    ## VI.   SECOND CAUSE OF ACTION – BREACH OF FIDUCIARY DUTY

3    32.    JAS Supply repeats, re-alleges, and incorporates all of the allegations set forth in

4    paragraphs 1-31 as though fully set forth herein.

5    33.    Pursuant to Section 2 of the POA and Radiant's Terms & Conditions, Radiant

6    served as JAS Supply's agent in connection with importer security filing services, the entry and

7    release of goods, post entry services, and other dealings with Government Agencies.

9    34.    Under Washington law, a fiduciary relationship arises at law when the nature of

10    the relationship between the parties is historically considered fiduciary in character – which

11    explicitly includes the principal and agent relationship.

12    35.    A fiduciary relationship arises in fact, under Washington law, when there is

13    something in the particular circumstances which approximates a business agency or professional

14    relationship, something which itself impels or induces the trusting party to relax the care and

16    vigilance which he otherwise should, and ordinarily would, exercise.

17    36.    Radiant owed JAS Supply a fiduciary duty not only based upon the explicit

18    contractual duty contained in Section 2 of the POA and Radiant's Terms & Conditions, but also

19    at law under the agent/principal relationship, and in fact based upon the particular circumstances

20    and relationship between Radiant and JAS Supply.

22    37.    An agent has not only a duty to act in its principal's best interest, but also a duty

23    to report information it receives affecting the principal's interests.

24    38.    Radiant breached its fiduciary duty to JAS Supply by failing to act in JAS

25    Supply's best interest and/or report information affecting JAS Supply's interests in response to

26

COMPLAINT FOR DAMAGES - 9

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

the September 25, 2020, Notice of FDA Action – Hold Designated of the subject four containers of alcohol wipes.

39.     As a direct result of Radiant's breach of fiduciary duty, JAS Supply has suffered damages in an amount to be proven at trial, but in excess of $75,000, the jurisdictional limit of the Court.

## VII.   THIRD CAUSE OF ACTION – NEGLIGENCE

40.     JAS Supply repeats, re-alleges, and incorporates all of the allegations set forth in paragraphs 1-39 as though fully set forth herein.

41.     Radiant owed a duty to exercise reasonable care toward JAS Supply in providing customs broker and importation services.

42.     Radiant breached its duty to JAS Supply by, among other things, failing to notify JAS Supply regarding the September 25, 2020, Notice of FDA Action – Hold Designated of the subject four containers of alcohol wipes, and/or failing to provide the FDA with the requested and necessary documentation and/or materials to release the detained products.

43.     As a direct result of Radiant's breach of its duty of reasonable care, JAS Supply has suffered damages in an amount to be proven at trial, but in excess of $75,000, the jurisdictional limit of the Court.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, having set forth the above facts and having alleged the above causes of action, Plaintiff JAS SUPPLY, INC. prays for the following:

COMPLAINT FOR DAMAGES - 10

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

A.    Judgment against RADIANT CUSTOMS SERVICES, INC. and/or RADIANT GLOBAL LOGISTICS, INC. for an amount not yet fully ascertained, but in excess of $75,000, the jurisdictional limit of the Court, to be proven at trial;

B.    For an award of attorneys' fees, expenses, and costs pursuant to Section 20 of the POA and Terms & Conditions, RCW 4.84.330, and in equity; and

C.    That JAS SUPPLY, INC. receive such other further relief as the Court deems just and equitable.

Dated:   July 29, 2021

GORDON REES SCULLY MANSUKHANI, LLP


By: */s/ Meredith L. Thielbahr*
      Meredith Thielbahr WSBA # 41746
      Colin Vincent WSBA #44277
      Attorneys for Plaintiff JAS Supply, Inc.
      Gordon Rees Scully Mansukhani, LLP
      701 5th Avenue, Suite 2100
      Seattle, WA 98104
      Phone: (206) 695-5100
      Fax: (206) 689-2822
      Email:   mthielbahr@grsm.com
                    cvincent@grsm.com

COMPLAINT FOR DAMAGES - 11

**GORDON REES SCULLY MANSUKHANI, LLP**
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

1239960/59616474v1