THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAS SUPPLY, INC., a Florida corporation,<br><br>Plaintiff,<br><br>v.<br><br>RADIANT CUSTOMS SERVICES, INC., a New York corporation, RADIANT GLOBAL LOGISTICS, INC., a Washington corporation,<br><br>Defendant. | Case No. 2:21-cv-01015<br><br>DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>**NOTE ON MOTION CALENDAR: SEPTEMBER 24, 2021**<br><br>**ORAL ARGUMENT REQUESTED** |

## I.   INTRODUCTION AND RELIEF REQUESTED

Defendants Radiant Customs Services, Inc. ("Radiant Customs") and Radiant Global Logistics, Inc. ("Radiant Global") (collectively "Defendants") ask this Court to grant Defendants' motion for summary judgment to enforce the limitation on liability that JAS Supply, Inc. ("Plaintiff") and Radiant Customs agreed to, and dismiss all other claims with prejudice.

Plaintiff seeks to recover over $750,000 from Defendants when Plaintiff is contractually limited to recovering $200. Defendants bring this motion to avoid costly and unnecessary litigation and concurrently seek a stay of discovery while the court decides this motion. The court should grant this motion as related to Radiant Global because there is no contract between Plaintiff and Radiant Global and Radiant Global has no special relationship with Plaintiff.

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT:
CASE NO. 2:21-CV-01015 - 1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206-622-1711

PDX\138158\266109\LKH\31606042.1

1       As to Radiant Customs and Plaintiff, there is no dispute that the parties entered into a
2  contract and that contract has a limitation of liability clause limiting Plaintiff's claims to $50.00
3  per entry. Plaintiff's claim is limited to $200 under the parties' agreement. Black letter law
4  establishes that Plaintiff cannot have a negligence claim when the conduct complained of is
5  subject to a contract. The limitation of liability clause—standard language in similar
6  contracts—must be upheld and the remainder of Plaintiff's claims must be dismissed.

## II. FACTS

8       Radiant Global is a logistics and transportation services company. Declaration of Paul
9  Kwiatkowski in Support of Defendants' Motion for Summary Judgment ("Kwiatkowski
10  Decl.") at ¶ 2. Radiant Customs is a customs broker and ocean freight forwarder. Declaration
11  of Maria Vitale in Support of Defendants' Motion for Summary Judgment (Vitale Decl.) ¶ 2.
12  Radiant Customs and Radiant Global are distinct entities, with a shared parent company,
13  Radiant Logistics Inc. *See* Kwiatkowski Decl. at ¶ 2.  Plaintiff is a food products vendor that
14  distributes to the correctional channel. Complaint, Dkt. No. 1, at ¶ 7.

15       According to Plaintiff's Complaint, at some point in the beginning of the COVID-19
16  pandemic, it attempted to pivot and import alcohol wipes to meet the new booming demand.
17  *Id.* at ¶ 8. To that end, in May 2020, Plaintiff engaged the services of Radiant Customs to assist
18  with the importation of alcohol wipes. *Id.* at ¶ 9; *see also* Vitale Decl. at ¶ 3. Upon engaging
19  with Radiant Customs, Plaintiff signed a four-page Power of Attorney / Designation of
20  Forwarding Agent that included Radiant Custom's Terms & Conditions (the "Contract"). *Id.*
21  at ¶ 11; *see also* Vitale Decl. at Ex. A. The Contract outlined, among other details, the services
22  to be performed by Radiant Customs (p. 1); Plaintiff's duties (e.g., p. 4, ¶ 6); the scope of
23  Radiant Customs's agency relationship (pp. 1; 4, ¶ 2); and Disclaimers and the Limitation of
24  Liability (p. 4, ¶ 9). Vitale Decl. at Ex. A.

25       The Contract provided that the terms and conditions "constitute a legally binding
26  contract between the [Radiant Customs] and [JAS Supply]. In the event the Company renders

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT:
CASE NO. 2:21-CV-01015 - 2

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206-622-1711

PDX\138158\266109\LKH\31606042.1

services and issues a document containing Terms and Conditions governing such services, the Terms and Conditions set forth in such other documents(s) shall govern those services." *Id.* at p. 4.

### A. Plaintiff's Allegations

After entering into the Contract, Plaintiff and Radiant Customs worked together to import multiple containers of alcohol wipes. *See* Complaint, Dkt. #1 at ¶¶ 12–14. According to the Complaint,[1] four of these containers were detained by the Food and Drug Administration ("FDA") because "the product manufacturer did not register with the FDA or list the wipes as a drug" as required by federal law. *Id.* at ¶ 18. This rejection, according to Plaintiff, led to a series of events in which Plaintiff's wipes were ultimately denied entry to the United States and that denial has allegedly caused Plaintiff damages. *See id.* at ¶¶ 19–25.

### B. Relevant Contractual Terms:

Portions of the Contract are instructive in the resolution of this Motion and this case. Specifically:

**1. Definitions**
   (a) "Company" shall mean Radiant Customs Services, Inc. as well as its respective subsidiaries, related companies, agents and/or representatives;
   (b) "Customer" shall mean the person for which the Company is rendering service, as well as its agents and/or representatives, including, but not limited to, shippers, importers, exporters, carriers, secured parties, warehousemen, buyers and/or sellers, shipper's agents, insurers and underwriters, break-bulk agents, consignees, etc. It is the responsibility of the Customer to provide notice and copy(s) of these terms and conditions of service to all such agents or representatives
Vitale Decl. Ex. A, at p. 4 ¶ 1.

**2. Company as agent.**

The Company acts as the "agent" of the Customer for the purpose of performing duties in connection with the entry and release of goods, post entry services, the securing of export licenses, the filing of export documentation on behalf of the

---

[1] For purposes of this motion, Plaintiff's allegations are assumed to be true.

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT:
CASE NO. 2:21-CV-01015 - 3

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206-622-1711

PDX\138158\266109\LKH\31606042.1

Customer and other dealings with Government Agencies: as to all other services, Company acts as an independent contractor

*Id.* at p. 4 ¶ 2.

**9. Disclaimers; Limitation of Liability.**

(a) Except as specifically set forth herein, Company makes no express or implied warranties in connection with its services;

(b) Subject to (d) below, Customer agrees that in connection with any and all services performed by the Company, the Company shall only be liable for its negligent acts, which are the direct and proximate cause of any injury to Customer, including loss or damage to Customer's goods, and the Company shall in no event be liable for the acts of third parties;

. . .

(d) In the absence of additional coverage under (c) above, the Company's liability shall be limited to the following:

> (i) where the claim arises from activities other than those relating to customs brokerage, $50.00 per shipment or transaction, or
>
> (ii) where the claim arises from activities relating to "Customs business," $50.00 per entry or the amount of brokerage fees paid to Company for the entry, whichever is less;

*Id.* at p. 4 ¶ 9.

### C. Radiant Global Has No Connection to This Case

At no time did Radiant Global ever enter into a contract with Plaintiff related to the importation of these sanitation wipes or any other services relevant to Plaintiff's damages. Kwiatkowski Decl. at ¶ 3; *see also* Vitale Decl. Ex. A; *see also* Complaint at ¶ 1 (alleging contract with Radiant Global and/**or** Radiant Customs for customs broker services).

### III. EVIDENCE RELIED UPON

Defendants rely upon the Declaration of Maria Vitale in Support of Defendants' Motion for Summary Judgment and exhibits thereto, the Declaration of Paul Kwiatkowski in Support of Defendants' Motion for Summary Judgment, as well as the documents and pleadings on file.

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT:
CASE NO. 2:21-CV-01015 - 4

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206-622-1711

PDX\138158\266109\LKH\31606042.1

## IV.  DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON ALL ISSUES PRESENTED

### A.  Standard Of Review

Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  FRCP 56(c).  The court must grant summary judgment where the party bearing the burden of proof at trial fails to produce sufficient evidence supporting each and every element of its claim.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548 (1986).  A scintilla of evidence, or evidence that is merely colorable or not significantly probative, does not present a genuine issue of material fact. *United Steelworkers of America v. Phelps Dodge*, 865 F.2d 1539, 1542 (9th Cir. 1989).  All inferences must be viewed in a light most favorable to the non-moving party.  *T.W. Elec. Serv. Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

### B.  Plaintiff has no sustainable claim against Radiant Global.

As a preliminary matter, Defendant Radiant Global is entitled to summary judgment on all claims brought against it because it had no contract with Plaintiff, never owed a fiduciary duty to Plaintiff, and indeed owed no duty to Plaintiff related to the claims in this case.

In order for Plaintiff to sustain a claim against Radiant Global it must be able to prove that Radiant Global owed it a duty: either in contract or in law. To sustain a breach of contract claim, there must be a contract between the parties that imposed a duty upon the defendant, and the defendant must breach that duty. *Myers v. State*, 152 Wn. App. 823, 828, 218 P.3d 241 (2009). Similarly, in a negligence claim, a party must be able to prove that the defendant owed it a duty—including a fiduciary duty—and prove that the duty was breached. *Meyers v. Ferndale Sch. Dist.*, 12 Wn. App. 2d 254, 260, 457 P.3d 483, *review granted*, 195 Wn.2d 1023, 466 P.3d 769 (2020), *and aff'd but criticized*, 197 Wn.2d 281, 481 P.3d 1084 (2021).

Here, Plaintiff's claims against Radiant Global fail at the most fundamental level as there was no contract between the two parties and Radiant Global did not participate in any of

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT:
CASE NO. 2:21-CV-01015 - 5

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206-622-1711

PDX\138158\266109\LKH\31606042.1

the acts or omissions that Plaintiff alleges caused its damages.

Plaintiff's Complaint alleges its claims against "Radiant," treating both Defendants as a singular entity. *See* Complaint, Dkt. # 1. However, the facts alleged against "Radiant" all pertain to alleged acts or omissions by Radiant Customs and relate to a contract between Plaintiff and Radiant Customs. *See e.g.* Complaint Dkt. #1, at ¶¶ 10 (quoting portions of Radiant Customs's website); 11 (referencing Contract sent by Radiant Customs); 12 (referencing communications from Radiant Customs representative); 13 (referencing information sent back to Radiant Customs); 14–15 (quoting portions of Contact between Plaintiff and Radiant Customs). Radiant Global was never a party to the contract. Kwiatkowski Decl. at ¶ 3. Indeed, Radiant Global did not participate in any of the customs brokerage services alleged to be at issue here. *Id.* With no evidence to support a contract between Plaintiff and Radiant Global, or any facts to support any other relevant relationship, Plaintiff does not have any viable claim against Radiant Global as a defendant.

As there is no issue of material fact, and Radiant Global is an improper party to this suit, Plaintiff's claims against Radiant Global should be dismissed in their entirety.

**C.** **The Contract governs the relationship between Plaintiff and Radiant Customs and limits liability to $200.**

There is no dispute that Radiant Customs and JAS Supply entered into a binding contract and that contract contains a limitation of liability clause. "In the absence of additional coverage . . . [Radiant Customs's] liability shall be limited to the following: (i) where the claim arises from activities other than those relating to customs brokerage, $50.00 per shipment or transaction." Vitale Decl. at Ex. A, p. 4, ¶ 9.

All of Plaintiff's claims against Radiant Customs relate to alleged acts and omissions by Radiant Customs in the services it performed under the Contract. Indeed, Plaintiff has pleaded and relied on several portions of the Contract. Plaintiff cannot avoid the relevant potion of the contract which governs the outcome of this case.

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT:
CASE NO. 2:21-CV-01015 - 6

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206-622-1711

PDX\138158\266109\LKH\31606042.1

1. <u>The limitation on liability is valid and can be enforced as a matter of law.</u>

In Washington, liability limitations will be enforceable if they are not unconscionable. *See M.A. Mortenson Co. v. Timberline Software Corp.*, 140 Wn.2d 568, 585, 998 P.2d 305 (2000). Whether a liability limitation is unconscionable is determined as a matter of law. *Puget Sound Fin. v. Unisearch*, 146 Wn.2d 428, 438, 47 P.3d 940 (2002). The burden of proving unconscionability of a contract clause is on the party attacking it—and in a contract between two commercial parties, that is a high bar. *See id*. JAS has not alleged unconscionability and cannot meet this substantial burden.[2]

All of Plaintiff's claims relate to Radiant Customs's performance of its custom brokerage duties—including, but not limited to, the acts necessary to facilitate the entry and clearing of the imports at issue. *Compare* Vitale Decl. Ex. A, *with* Complaint, Dkt. # 1 at ¶¶ 17–25. The Contract between the parties provides Plaintiff with an exclusive remedy for alleged breaches to brokerage duties and limits liability to $50.00 per entry. Vitale Decl. Ex. A, p. 4 ¶ 9. As this term is not unconscionable, Radiant Customs is entitled to summary judgment and enforcement of the limitation on liability in the Contract.

**D. The Independent Duty Doctrine precludes Plaintiff's negligence and breach of fiduciary duty claims.**

Finally, Radiant Customs is entitled to summary judgment on any remaining claims

---

[2] Indeed, limitation of liability clauses are routinely upheld under Washington law. *See e.g. Cypress Ins. Co. v. SK Hynix Am., Inc.*, 365 F. Supp. 3d 1142, 1156 (W.D. Wash. 2019) (following Washington law and upholding imitation of liability provision that disclaimed liability for any incidental, consequential, punitive, special or exemplary damages); *O.B. Williams Co. v. S.A. Bendheim W., Inc*., C08-1155JLR, 2010 WL 11526889, at *12 (W.D. Wash. July 13, 2010) (same); *Torgerson v. One Lincoln Tower, LLC*, 166 Wn.2d 510, 517 (2009), as corrected (July 16, 2009) (upholding limitation on remedies in real estate contract); *Mortenson*, 140 Wn.2d at 585 (upholding limitation on liability in commercial contract); *see also Atwood Oceanics, Inc. v. Zust Bachmeier of Switzerland, Inc.*, CIV.A. H-04-4028, 2006 WL 734415, at *4 (S.D. Tex. Mar. 21, 2006) (upholding verbatim limitation on liability language in this contract in customs brokerage contract under Texas law).

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT:
CASE NO. 2:21-CV-01015 - 7

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206-622-1711

PDX\138158\266109\LKH\31606042.1

because *all* of Plaintiff's allegations are covered by the Contract. Although Plaintiff has framed its Complaint as three separate causes of action—breach of contract, breach of fiduciary duty, and breach of negligence—all of the facts alleged by Plaintiff relate to the services performed by Radiant Customs under the terms of the Contract. As the only basis for Plaintiff's claims arise out of the contract, the noncontract claims must be dismissed.

As has been long established, the independent duty doctrine prohibits a plaintiff from seeking recovery in tort where the only duty alleged arises out of contract. *Eastwood v. Horse Harbor Fdn., Inc.*, 170 Wn.2d 380, 389 (2010) ("An injury is remediable in tort if it traces back to the breach of a tort duty arising independently of the terms of the contract.") (citing *East River Steamship Corp. v. Transamerica Delaval Inc.*, 476 U.S. 858 (1986)). That is exactly the situation here.

Formerly known as the "economic loss rule," Washington's "independent duty doctrine," bars tort claims that arise out of the obligations that are covered by a contract between the parties. This is precisely what Plaintiff asserts here—a negligence and breach of fiduciary duty claim for Defendants' alleged breaches of the Agreement. "The independent duty doctrine . . . bars recovery in tort for economic losses suffered by parties to a contract unless the breaching party **owed a duty in tort independent of the contract**." *Pointe at Westport Harbor Homeowners' Ass'n v. Eng'rs Nw., Inc.*, 193 Wn. App. 695, 702-703, 376 P.3d 1158 (2016) (emphasis added); *Eastwood v. Horse Harbor Found., Inc.*, 170 Wn.2d 380, 394, 241 P.3d 1256 (2010). "When no independent tort duty exists, tort does not provide a remedy." *Eastwood*, 170 Wn.2d at 389. If the governing contract creates the sole relationship between the parties, one party cannot impose additional duties onto the parties that do not otherwise exist. *See e.g. Pac. Boring, Inc. v. Staheli Trenchless Consultants, Inc.,* 138 F. Supp. 3d 1156, 1167 (W.D. Wash. 2015), *aff'd*, 708 Fed. Appx. 324 (9th Cir. 2017) (holding that Washington law does not impose a separate duty on professionals when the relationship between the parties is governed by contract). As the Washington State Supreme Court

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT:
CASE NO. 2:21-CV-01015 - 8

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206-622-1711

PDX\138158\266109\LKH\31606042.1

explained in *Affiliated FM Ins. Co. v. LTK Consulting Servs., Inc.*: "The law of contracts is designed to protect contracting parties' expectation interests and to provide incentives for 'parties to negotiate toward the risk distribution that is desired or customary.'" 170 Wn.2d 442, 451–52, 243 P.3d 521 (2010) (quoting *Berschauer/Phillips Constr. Co. v. Seattle Sch. Dist. No. 1*, 124 Wn.2d 816, 827, 881 P.2d 986 (1994)). In contrast, tort law is a "superfluous and inapt tool" for resolving contract disputes. *Id.*

Plaintiff and Radiant Customs have no relationship outside of the contract. Plaintiff's claims are based entirely upon actions related to the contract. Plaintiff's fiduciary claims relate to Radiant Customs acting as an agent related to "the importer security filing services, the entry and release of goods, post entry services, and other dealings with Government Agencies." *See* Complaint, Dkt. #1, at ¶ 33. Although Plaintiff contends these duties extend beyond the Contract, the entire scope of the agency relationship was defined within the Contract. Radiant Customs could not, and did not, act beyond the scope of their contractual relationship and the breach of fiduciary duty claim cannot survive as a matter of law.

Plaintiff's negligence claims also must be dismissed under the independent duty doctrine. Plaintiff's entire basis for a negligence claim is that Radiant Global "owed a duty to exercise reasonable care toward [Plaintiff] in providing customs broker and importation services." *Id.* at ¶ 41. The only basis upon which Radiant Global owed a duty to provide customs broker and importation services was the Contract. Plaintiff has not alleged and cannot show, that Radiant Global, or Radiant Customs, owed it a duty of care that arose independently of the Contract. Accordingly, under the independent duty doctrine, Plaintiff's tort claims herein fail as a matter of law. Those claims should be dismissed with prejudice.

V.     **CONCLUSION**

Plaintiff entered into a Contract with Radiant Customs to facilitate the importation of goods. All of the claims alleged by Plaintiff fall within the terms of the Contract and are governed by the limitation on liability expressly agreed to in the Contract. Defendants are

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT:
CASE NO. 2:21-CV-01015 - 9

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206-622-1711

PDX\138158\266109\LKH\31606042.1

entitled to dismissal of all claims against Radiant Global, the tort based claims against Radiant Customs, and enforcement of limitation on liability in the Contract.

Dated this 31st day of August, 2021.

SCHWABE, WILLIAMSON & WYATT, P.C.

By: s/ Aukjen Ingraham
Aukjen Ingraham, WSBA #45834
Email: aingraham@schwabe.com
Lillian K. Hubbard, WSBA #55428
Email: lhubbard@schwabe.com
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206-622-1711
Facsimile: 206-292-0460
*Attorneys for Radiant Customs Services, Inc., a New York Corporation, Radiant Global Logistics, Inc., a Washington Corporation*

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT:
CASE NO. 2:21-CV-01015 - 10

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206-622-1711

PDX\138158\266109\LKH\31606042.1

# **CERTIFICATE OF SERVICE**

The undersigned declares under penalty of perjury, under the laws of the State of Washington, that the following is true and correct:

That on the 31st day of August, 2021, I arranged for service of the foregoing DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION to the parties to this action by the Court's ECF system:

Meredith Thielbahr
Collin Vincent
Gordon Rees Scully Mansukhani
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
206-695-5109
mthielbahr@grsm.com
cvincent@grsm.com

_Tara Roberts_
Tara Roberts, Legal Assistant

CERTIFICATE OF SERVICE - 1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
U.S. Bank Centre
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone 206-622-1711

PDX\138158\266109\LKH\31606042.1