UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAS SUPPLY INC.,

Plaintiff,

v.

RADIANT CUSTOMS SERVICES INC, et al.,

Defendants.

Case No. C21-1015RSM

ORDER DENYING MOTION TO STAY DISCOVERY

This matter comes before the Court on Defendants' Motion to Stay Discovery. Dkt. #17.

On July 29, 2021, Plaintiff JAS Supply, Inc. filed a Complaint alleging that Defendants Radiant Global Logistics and Radiant Customs Services breached a contract for customs broker services after the Food and Drug Administration detained 19 containers of JAS's alcohol wipes being imported from China and Defendants failed to adequately communicate this to JAS. *See* Dkt. #1. The Complaint includes causes of action for breach of contract, breach of fiduciary duty, and negligence. At first JAS claims damages "in excess of $700,000," *id*. at 2; later the Complaint appears to only claim damages "in excess of $75,000," *id.* at 11. The Complaint does not mention a provision of the underlying contract purporting to limit Defendants' liability

to “$50 per entry,” or claim that such a limitation of liability was procedurally or substantively unconscionable.

One month after this case was filed, Defendants moved for summary judgment. They point to the limitation of liability provision, arguing that total liability in this case for Defendant Radiant Customs Services is $200. Dkt. #14. They say Radiant Global never entered into a contract with Plaintiff and has no connection to this case. *Id*. Defendants also argue that “Washington’s independent duty doctrine bars tort claims that arise out of the obligations that are covered by a contract between the parties.” *Id*. at 8. Many of these arguments attack the pleadings and could have been filed in a Rule 12(b)(6) motion to dismiss.

In Response, JAS urges the Court to find the summary judgment motion “premature,” and that further discovery is needed. *See* Dkt. #24 at 3. For example, JAS argues that the limitation of liability provision was included in a separate document that was never provided and not available online. *See id.* at 4–5. JAS argues that the limitation of liability is procedurally and substantively unconscionable. JAS introduces certain facts to support bringing claims against Radiant Global. *See id.* at 11–12. JAS argues that it is asserting its tort claims in the alternative if the contract at issue is found to be unenforceable.

Defendants’ Reply in support of their Motion for Summary Judgment states JAS has failed to come up with facts creating a genuine dispute as to contract formation, the parties’ course of dealing, the unconscionability of the limitation of liability, or the role of Radiant Global. *See* Dkt. #28.

Meanwhile, Defendants move in the instant Motion to stay discovery so the Court can rule on their Motion for Summary Judgment. Dkt. #17. They urge the Court to read the

contract and rule as a matter of law. Defendants brought this Motion "at the earliest practicable time" so the Court can reach a "just, speedy, and inexpensive resolution." *Id*. at 3.

In Response to the instant Motion, JAS claims Defendants had "actual knowledge" that it "intended to argue" the limitation of liability was both procedurally and substantively unconscionable. Dkt. #19 at 1–2. JAS points to disputes of material fact and claims they preclude granting summary judgment. *Id*. at 4. JAS states that "[n]o documents, written responses or admissions have been exchanged, and no depositions have been taken;" "[a]bsolutely zero discovery has been conducted." *Id*. at 6.

On Reply, Defendants argue "[if] Plaintiff wishes to challenge the validity of the contract on the basis of unconscionability, it is already in possession of all material facts relevant to that inquiry." Dkt. #21 at 1. Defendants point out that the Complaint does not contain any facts to support a claim of unconscionability.

District courts have broad discretion to stay discovery on a showing of "good cause." Fed. R. Civ. P. 26(c). The Court finds that Defendants have failed to demonstrate good cause to stay discovery. The Court is not convinced JAS will be unable to obtain facts through discovery to support its apparent claims.

The Court says "apparent claims" because this case has clearly gone sideways due to deficiencies in the Complaint. Rather than moving to dismiss, which could have saved time, Defendants have filed a premature motion for summary judgment. In so doing, they may have managed to avoid a just, speedy, and inexpensive resolution.

The Court will deny this Motion. However, the Court also strongly urges JAS to file a motion to amend its complaint so it can plead all of the relevant facts that have come to light and to adjust its legal claims accordingly. If the Court finds that JAS has demonstrated good

cause to amend, it will strike the pending motions for summary judgment. In the meantime, discovery should proceed.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Defendants' Motion to Stay Discovery, Dkt. #17, is DENIED. The Court strongly urges Plaintiff JAS to file a motion to amend its complaint consistent with the facts and claims that have been discussed in subsequent motions practice.

DATED this 5th day of October, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE