UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAS SUPPLY INC,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>RADIANT CUSTOMS SERVICES INC ET AL,<br><br>　　　　　　Defendant. | CASE NO. 2:21-cv-01015-TL<br><br>ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT AND STRIKING PENDING MOTIONS FOR SUMMARY JUDGMENT |

　　This matter is before the Court on Plaintiff JAS Supply, Inc.'s Motion for Leave to File Amended Complaint. Dkt. No. 32. Also before the Court are the Parties' cross motions for summary judgment. Dkt. Nos. 14, 24. As discussed below, the Court GRANTS Plaintiff's motion to file its Amended Complaint and STRIKES the pending motions for summary judgment as premature.

### I. BACKGROUND

　　On July 29, 2021, Plaintiff filed a Complaint alleging that Defendants Radiant Global Logistics and Radiant Customs Services breached a contract for customs broker services after the

Food and Drug Administration detained 19 containers of Plaintiff's alcohol wipes being imported from China, which Defendants failed to adequately communicate to Plaintiff. *See* Dkt. No. 1. The Complaint includes causes of action for breach of contract, breach of fiduciary duty, and negligence. *Id.* Defendants Answered on August 30 (Dkt. No. 12) and the next day moved for summary judgment based on an alleged limitation of liability provision in the contract between Plaintiff and Defendant Radiant Customs Services that would limit its total liability in this case to $200. Dkt. No. 14. Defendants also argued that Radiant Global has no connection to this case and asserted the independent duty doctrine as a bar to Plaintiff's tort claims. *Id.*

Defendants simultaneously moved to stay discovery pending the outcome of their summary judgment motion. Dkt. No. 17. The Court denied the motion to stay discovery, on the grounds that Defendants' motion for summary judgment primarily attacks the sufficiency of Plaintiff's Complaint, which would have been better suited to a Rule 12(b)(6) motion to dismiss. Dkt. No. 29. The Court admonished Plaintiff for the deficiencies in its Complaint, which Plaintiff attempted to cure through briefing in response to Defendants' motion to stay discovery and in its opposition to Defendants' summary judgment motion and cross-motion for summary judgment. *Id.* at 3 (citing Dkt. Nos. 19 and 24). In its motion briefing, Plaintiff points to facts, not included in its Complaint, alleging the limitations provision is procedurally and substantively unconscionable. *See* Dkt. No. 24 at 4-5. It also alleges additional facts supporting its claims against Radiant Global. *See id.* at 11-12. It also asserts that its tort claims are either independent or pled in the alternative from its contract claims. *See id.* at 13. Plaintiff essentially argues that summary judgment is premature as discovery is necessary, and no discovery had yet occurred. Dkt. No. 19 at 3, Dkt. No. 24 at 3.

Finding that Defendants failed to show good cause to stay discovery, the Court denied the motion for stay, but strongly encouraged Plaintiff to seek leave to amend its Complaint to add

the additional facts and allegations from its motions briefing. Dkt. No. 29 at 3. The Court noted that it would strike the pending summary judgment motions if Plaintiff could show good cause to amend the Complaint. *Id.* 3-4.

## II. DISCUSSION

Generally, leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). A Court has discretion to deny an amendment if it finds that the amendment (1) is sought in bad faith, (2) would cause undue delay, (3) would prejudice the opposing party, (4) is repetitive of previous amendments that failed to cure the deficient pleading; or (5) is futile. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). Defendants argue only that Plaintiff's amendments are futile.[1]

The Court disagrees. An amendment is futile "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Plaintiff's amendments add facts related to the potential unconscionability of Defendants' alleged contractual limitation of liability defense and clarify both its claims against Radiant Global and the fact that its contract and tort claims are pled in the alternative.[2] The Court finds that the amendments cure the defects in the original Complaint that surfaced during motion briefing, as pointed out in its order denying Defendant's motion to stay discovery. *See* Dkt. No. 29.

Defendants do not argue that no set of facts exist that could prove plaintiff's claims. Instead, Defendants appear to argue that Plaintiff has not yet presented sufficient facts to prove

---

[1] The Court agrees that there is no evidence of bad faith, delay, or prejudice, and that this is Plaintiff's first attempt to amend. Thus, the Court will address only Defendants' argument that the proposed amendments are futile.

[2] Plaintiff's amendments also appear to correct clerical and typographical errors, including the inconsistency noted by the Court regarding the claim for damages. S*ee* Dkt. No. 29 at 1 (noting that "first JAS claims damages 'in excess of $700,000,' [Dkt. No. 1] at 2; later the Complaint appears to only claim damages 'in excess of $75,000,' *id.* at 11).

ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT AND STRIKING PENDING MOTIONS FOR SUMMARY JUDGMENT - 3

its claims as a matter of law. *See generally* Dkt. No. 35. This argument puts the cart before the horse. Plaintiff's pleading must only allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Plaintiff's amendments do so.

Whether Plaintiff's claims can survive summary judgment is yet to be determined. The Court notes that Defendants filed their Rule 12(c) motion masquerading as a summary judgment motion before any discovery had been conducted in this case. Defendants then rushed to stay discovery, wherein the Court pointed out the deficiencies in Plaintiff's Complaint and urged Plaintiff to file the present motion. Dkt. No. 29 at 3. Plaintiff wasted no time in heading the Court's admonition, filing its motion to amend within a week of the Court's order denying the stay. *See* Dkt. No. 32. The Court will not find that the amendments are futile on the grounds that Plaintiff, at the time its motion to amend was filed, had yet to develop sufficient factual evidence to prove its claims without having conducted any discovery.

As foreshadowed in the order denying stay, "[t]he Court is not convinced that [Plaintiff] will be unable to obtain facts through discovery to support its claims." Dkt. No. 29 at 3. The Court therefore STRIKES the currently pending motions for summary judgment at Dkt Nos. 14 and 24.

Defendants also appear to argue that Plaintiff has failed to show "good cause" for granting leave to amend, claiming that Plaintiff was not diligent in seeking the amendments. Dkt. No. 25 at 2. Here, Defendants seem to take the Court's statement in its order denying stay regarding Plaintiff having to demonstrate good cause to amend (Dkt. No. 29 at 3-4) as indicating that the Court will apply the Rule 16(b) good cause standard for modifying a schedule, as

opposed to the more lenient Rule 15 standard discussed above. *See* Dkt. No. 25 at 2 (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). In *Johnson*, the court applied the Rule 16 good cause standard because the plaintiff's request for leave to amend its complaint to join a new party came well after a court-ordered deadline for joining necessary parties. *Id.* at 609-10. Thus, the plaintiff in *Johnson* was seeking a Rule 16 schedule modification in addition to leave to amend its complaint. That is not the case here, so the Rule 16 good cause standard does not apply.

Defendants do not argue that Plaintiff was not diligent in seeking amendment after the Court's order admonishing Plaintiff to do so—nor could Defendants since the motion was filed within a week of the order. Instead, Defendants assert that Plaintiff fails to show diligence in seeking amendment prior to the Court's order. It is undisputed, though, that this is Plaintiff's first request for leave to amend. The need for the amendments arose through briefing that commenced because of Defendants' motions for summary judgment and to stay discovery, which in turn came immediately after Defendants answered Plaintiff's original Complaint without a prior challenge to its sufficiency. In the Court's estimation, Plaintiff has diligently responded to correct the deficiencies in its original Complaint.

Finally, the Court notes that the motions practice in this case thus far demonstrates exactly why Defendants' motion for summary judgment could have (and should have) been filed as a Rule 12(b)(6) motion to dismiss. Dkt. No. 29 at 2. A Rule 12(b)(6) motion would have allowed Defendants to raise their limitation of liability defense and highlight the other deficiencies in Plaintiff's Complaint while allowing for Plaintiff to file an amended complaint as a matter of course to address the issues raised. Fed. R. Civ. P. 15(a)(1)(B). "The responsive pleading may point out issues that the original pleader had not considered and persuade the pleader that amendment is wise." Fed. R. Civ. P. 15(a)(1) advisory committee's note to 2009

amendment. Instead, Defendants' premature summary judgement motion and unsuccessful request to stay discovery has spawned rounds of unnecessary pleadings, culminating in this motion to amend. Hopefully, Defendants did not make a strategic decision to file the motion for summary judgment with the intention of depriving Plaintiff of an opportunity to amend at the outset of a case.

### III.   ORDER

For the reasons stated above, the Court GRANTS Plaintiff's motion for leave to file its Amended Complaint (Dkt. No. 32) and STRIKES the pending motions for summary judgment (Dkt. Nos. 14 and 24). Plaintiff shall file its Amended Complaint **within seven (7) days** of this Order.

Given the passage of time since the motions were filed and the re-assignment of the case to a new judge, the Court further ORDERS the parties to file, **within fourteen (14) days** of this Order, an updated Joint Status Report (1) addressing whether any adjustments are needed to the case schedule and, if so, the dates on which trial counsel may have conflicts or other complications to be considered in setting a new trial date if necessary;[3] (2) including a certification that all counsel and any pro se parties have reviewed Judge Lin's Chambers Procedures, the Local Rules, General Orders, and the applicable Electronic Filing Procedures; and (3) including a certification that all counsel and any pro se parties have reviewed and complied with Judge Lin's Standing Order Regarding 28 U.S.C. § 455 and Canon 3 of the Code of Conduct for United States Judges.

---

[3] For case schedules set by Judge Lin, four months is required between the deadline for the filing of dispositive motions and the trial date.

Dated this <u>19th</u> day of April 2022.

_[signature]_
Tana Lin
United States District Judge