UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAS SUPPLY, INC.,<br><br>    Plaintiff,<br> v.<br><br>RADIANT CUSTOMS SERVICES, INC., et al.,<br><br>    Defendants. | CASE NO. 2:21-cv-01015-TL<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE |

  This matter is before the Court on Plaintiff JAS Supply, Inc.'s motion for leave to file additional briefing related to its pending motion for reconsideration. Dkt. No. 124. Specifically, Plaintiff seeks permission to file a motion to strike Defendants' response in opposition to the motion for reconsideration, or in the alternative, leave to file a reply brief. Having reviewed the motion and the relevant record, the Court DENIES Plaintiff's motion for leave to file additional briefing.

  On November 29, 2023, Plaintiff timely filed a motion for reconsideration (Dkt. No. 120) of the Court's Order on the Parties' cross-motions for summary judgment (Dkt. No. 119).

ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE - 1

Pursuant to the Local Civil Rules ("LCRs"), motions for reconsideration are disfavored and place a stringent standard on the moving party to establish that such a remedy is warranted in the first instance. LCR 7(h)(1). Responsive briefing on motions for reconsideration is generally not allowed unless requested by the Court. LCR 7(h)(3). Similarly, the Court has broad discretion to determine the extent of any responsive briefing that will be allowed, *i.e.*, whether to request only opposition briefing or to also authorize a reply from the moving party. *Id.* The Court may also set length restrictions on the requested briefing. *Id.* Here, the Court requested responsive briefing from Defendants, limited to a maximum of 2,100 words, and expressly stated that "[n]o reply briefing is authorized." Dkt. No. 122.

Plaintiff's motion to strike is moot. The request to strike Defendants' response brief is premised on Defendants failure to include a word count certification with their brief as required by LCR 7(e)(6). Dkt. No. 124 at 3. Subsequently, Defendants filed a praecipe correcting this error. Dkt. No. 125; *see also* LCR 7(m). More importantly, despite initially failing to include the required certification, Defendants' brief complies with the Court's word count limitation.

The Court, in its discretion, also finds that additional briefing on the motion for reconsideration in not warranted. Plaintiff argues that Defendants' response brief includes errors of law. Dkt. No. 124 at 3. Determining questions of law is the Court's responsibility. *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) ("Resolving doubtful questions of law is the distinct and exclusive province of the trial judge." (quoting *United States v. Weitzenhoff*, 35 F.3d 1275, 1287 (9th Cir.1993) (internal quotation marks omitted))). The Court is more than capable of determining the appropriate law to apply to the relevant facts and claims on reconsideration and will disregard any arguments based on the misapplication of irrelevant legal authority. Plaintiff's request for additional briefing is therefore unnecessary.

Consequently, the Court DENIES Plaintiff's motion (Dkt. No. 124) for leave to file additional briefing regarding it motion for reconsideration.

Dated this 9th day of January 2024.

_____
Tana Lin
United States District Judge