UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAS SUPPLY, INC.,<br><br>              Plaintiff,<br>  v.<br><br>RADIANT CUSTOMS SERVICES, INC., et al.,<br><br>              Defendants. | CASE NO. 2:21-cv-01015-TL<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

Plaintiff JAS Supply, Inc., seeks damages from Defendants Radiant Customs Services, Inc. ("Radiant Customs") and Radiant Global Logistics, Inc. ("Radiant Global") for the failed importation and destruction of personal protection equipment allegedly due to Defendants' misconduct. The matter is before the Court on Plaintiff's Motion for Reconsideration of the Court's November 15, 2023 Order on Cross-Motions for Partial Summary Judgment. Dkt. No. 120; *see also* Dkt. No. 119 (the Order). Having considered the relevant record, including Defendants' response (Dkt. No. 123) as requested by the Court (*see* Dkt. No. 122), and being fully advised on the matter, the Court DENIES the motion for reconsideration.

In its Order on the Parties' cross-motions for partial summary judgment, the Court made several determinations that narrowed the scope of the litigation. Relevantly, the Court granted Plaintiff's motion finding Defendant Radiant Customs liable for fraudulent concealment for failing to meet its affirmative disclosure obligations as a customs broker on behalf of Plaintiff. Dkt. No. 119 at 29–32. As to damages, though, the Court also granted the Defendants' motion, and denied Plaintiff's cross-motion, regarding the enforceability and scope of a contractual limitation of liability clause included in the agreement between Plaintiff and Defendant Radiant Customs. *Id.* at 15–27. Specifically, the Court interpreted the enforceable limitation of liability clause to encompass all of Plaintiff's surviving claims against Radiant Customs, including its fraudulent concealment claim. *Id.* at 26.

"Motions for reconsideration are disfavored." LCR 7(h)(1). Such motions are ordinarily denied absent "a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." *Id.* Motions for reconsideration should be granted only in "highly unusual circumstances." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000)).

Plaintiff asks the Court to reconsider only its determination that the limitation of liability clause applies to limit damages for the fraudulent concealment claim against Radiant Customs. Dkt. No. 120 at 1. Plaintiff argues that the Court erred because exculpatory clauses "must clearly and affirmatively express their intent to release a fraud claim." *Id.* at 5 (citing *Hawkins v. Empres*

1  *Healthcare Mgmt., LLC*, 193 Wn. App. 84, 99, 371 P.3d 84 (2016), *as amended on denial of*
2  *reconsideration* (June 8, 2016), and related cases).
3        As an initial matter, Plaintiff's arguments are inappropriate because "[a] motion for
4  reconsideration 'may not be used to raise arguments or present evidence for the first time when
5  they could reasonably have been raised earlier in the litigation.'" *Marlyn Nutraceuticals*, 571
6  F.3d at 880 (emphasis in original) (quoting *Kona*, 229 F.3d at 890). In their motion for partial
7  summary judgment, Defendants clearly argued that all of Plaintiff's claims were subject to the
8  limitation of liability provision, whether they sounded in contract or tort. Dkt. No. 66 at 16. In its
9  response, Plaintiff dedicated a whole section to the inapplicability of the limitations clause to its
10 fraudulent concealment claim.[1] Dkt. No. 74 at 13–14. But Plaintiff chose to focus on arguing that
11 its tort claims—specifically including its fraudulent concealment claim—were "independent of
12 the contract" such that they could not be barred by the independent duty doctrine. *Id.* Plaintiff
13 could have but did not raise these new arguments regarding the applicability of the limitation
14 provision to the fraud claim in opposition. Further, Plaintiff provides no explanation for why this
15 alternate theory of relief from the limitation provision for the fraud claim could not have been
16 briefed in its opposition at that time. For this reason, the Court DENIES Plaintiff's motion.
17       Regardless, Plaintiff's argument fails on the merits. Essentially, Plaintiff argues that the
18 Court erred in interpreting the contract language of the limitations provision to encompass the
19 fraudulent concealment claim. Dkt. No. 120 at 5–6. Plaintiff's argument appears to rest primarily
20 on the fact that the word "fraud" does not appear anywhere in the language of the limitation of
21 liability clause, or the rest of the contract. *Id.* The Court did not err in interpreting the Parties'
22 agreement.

---

[1] The section was entitled: "JAS Supply's Claims for Fraudulent Concealment or Misrepresentation Arise Outside the Contract, thereby Precluding Defendants' Reliance on its Contractual Limitation Provision." Dkt. No. 74 at 13.

ORDER DENYING MOTION FOR RECONSIDERATION - 3

1    Plaintiff overstates its cited legal authority to support its contention that the word fraud must be included in the contractual language for a limitation of liability clause to encompass such claims. Plaintiff's primary case for this contention, *Hawkins v. Empres Healthcare Mgmt., LLC*, is not as broadly applicable as Plaintiff claims. *See* 193 Wn. App. 84, 99, 371 P.3d 84 (2016), *as amended on denial of reconsideration* (June 8, 2016). The question before the court in *Hawkins* was whether a general release of claims included in a settlement agreement could bar a claim of *fraudulent inducement* as to the settlement agreement itself. *Id.* ("'At a minimum, if one party is to be held to release a claim for fraud *in the execution of the release itself*, the release should include a specific statement of exculpatory language referencing the fraud.'" (emphasis added) (quoting *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 371 (9th Cir. 2005)). The only cited authority that appears to stretch this reasoning to the extreme advocated for by Plaintiff is an unpublished Washington Court of Appeals decision. *See Redstone Black Lake 1, L.P. v. GF Cap. Real Est. Fund - Inv. I, LLC*, 12 Wn. App. 2d 1028, 2020 WL 902553, at *5 (2020) (unpublished). Pursuant to Washington GR 14.1, this case has "no precedential value and [is] not binding on any court." Further, despite citing to the language from *Hawkins*, which clearly limits its scope to claims of "fraud in the execution of the release itself," the *Redstone* court's analysis does not go so far as concluding that the word fraud must always appear in a contractual release clause to bar fraud claims. *Redstone*, 2020 WL 902553, at *5. Instead, the court's conclusion rests on its interpretation of the specific contractual language before it. *Id.* Plaintiff does not argue that the language here is similar, nor would the Court find such argument persuasive, as the contract provisions at issue are quite distinguishable.

In fact, the specific contract provisions examined in the cited cases are further reason to distinguish nearly all of Plaintiff's cited authority. As highlighted by Defendants in their response, most of Plaintiff's cited authority involve complete waivers of liability. Dkt. No. 123

1    at 3–5. Only one case cited by Plaintiff involves a limitation of liability clause like the one at

2    issue here. *See Riley v. Iron Gate Self Storage*, 198 Wn. App. 692, 708, 395 P.3d 1059 (2017). In

3    *Riley*, the court found that a limitation of liability clause was enforceable, interpreted the specific

4    language of the contract to determine its scope, and found that it inconspicuously applied to

5    claims based on "willful and fraudulent conduct," even though it only expressly limited liability

6    "'arising from any cause whatsoever, Including, but not limited to' [the defendant's] active or

7    passive acts, omissions, or negligence." *Id.* at 704–05 (quoting from the contract language).

8    Thus, that case does not support Plaintiff's contention that the limitation provision at issue here

9    cannot apply because it does not expressly limit fraud claims.

10        The Court did not err in this case because Plaintiff's fraudulent concealment claim arises

11    from Radiant Customs' negligent acts. Dkt. No. 119 at 4–5, 27–29 (noting that the undisputed

12    facts show that Defendant Radiant Customs failed to inform Plaintiff of the FDA's initial request

13    for information because it mistakenly believed it had resolved the issue and then mistakenly

14    believed that Plaintiff was contemporaneously informed by the FDA of the eventual refusal

15    notice). Plaintiff's claim is a species of fraud that can be based on a negligent omission if there is

16    an affirmative duty to disclose. *See* Dkt. No. 119 at 9–10 (noting that Defendant Radiant

17    Customs' omissions cannot support a negligent misrepresentation claim but can establish

18    fraudulent concealment because it had an affirmative duty to disclose the information it received

19    from the FDA); *c.f. Crisman v. Crisman*, 85 Wn. App. 15, 22, 931 P.2d 163, 166 (1997) ("[T]o

20    establish fraudulent concealment or misrepresentation. . . . plaintiff may affirmatively plead and

21    prove the nine elements of fraud or may simply show that the defendant breached an affirmative

22    duty to disclose a material fact. . . . [but] [a]bsent an affirmative duty to disclose . . . a

23    defendant's silence does not constitute fraudulent concealment or misrepresentation.") (citations

24    omitted), *as amended on denial of reconsideration* (Feb. 14, 1997). The limitations clause at

ORDER DENYING MOTION FOR RECONSIDERATION - 5

issue here applies to Radiant Customs' "*negligent acts*, which are the direct and proximate cause of any injury . . . including loss or damage to [] goods." Dkt. No. 73-7 at 7 (emphasis added). As in *Riley*, it does not matter that the language of the contract does not expressly limit the specific type of claim at issue so long as it arises from Radiant Customs' negligent acts. *See* 198 Wn. App. 692 at 395.

Consequently, the Court DENIES the motion for reconsideration. Dkt. No. 120.

Dated this 14th day of May 2024.

Tana Lin
United States District Judge